UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINE A. OWAD,

                Appellant,

   -against-                                          1:16-CV-0303 (LEK)

ANDREW ZWEBEN,

                Appellee.

## DECISION AND ORDER

**I. INTRODUCTION**

In this case, pro se debtor Christine Owad appeals the decision of United States Bankruptcy Judge Robert E. Littlefield, Jr., denying her motion to avoid a judicial lien on her property. Dkt. No. 1 ("Record") at 11; see also Dkt. Nos. 6 ("Appellant's Brief"), 11 ("Appellee's Brief"), 12 ("Reply Brief"). Andrew Zweben, an attorney and the court-appointed receiver of the property, opposed Owad's motion and now opposes her appeal. Appellee's Br. at 1. In the bankruptcy court, Owad asserted that the lien was improper due to a homestead exemption on the property, R. at 24, but Judge Littlefield found that Owad did not actually own the land and thus was ineligible for an exemption, id. at 30. For the following reasons, the decision of the bankruptcy court is affirmed.

**II. BACKGROUND**

Owad's appeal concerns a plot of land in the Town of Prattsville and the identity of its current owner. Appellant's Br. at 4–7. Based on the record, it appears that in 2004, Owad first took title to a 66-acre parcel of land granted to her in the will of Jaroslaw Owad, who died in 2003. Dkt. No. 2-4 ("Designation Part 4") at 62; see also Dkt. No. 2-3 ("Designation Part 3")

at 151–52 (reflecting the original 1966 conveyance of the land to Jaroslaw and his wife Ronana). In 2005, Owad transferred the land to Jaroslawa Budzek of Dayton, Ohio, Designation pt. 4, at 66, who then transferred the land back to Owad in 2006, id. at 70. In all of these transfers, the description of the land was identical to the one in the original conveyance to Owad (and to Jaroslaw and Ronana Owad before her). Id. at 62, 66, 70; Designation pt. 3, at 151–52.

In 2011, Owad executed a deed purporting to sell a portion of this land to herself. Designation pt. 4, at 75–76. Significantly, this 2.7 acre portion of land contained the house and other structures built on the property, and Owad claims this division was also supported by a survey map filed with the County Clerk. Id. at 75–78; Appellant's Br. at 6–7. The deed notes that this land was "a portion of the premises conveyed to Jaroslaw and Romana Owad" in 1966 (and thus subsequently transferred to Owad in 2004). Designation pt. 4, at 76.

In 2012, Owad executed yet another deed, this time to the benefit of an entity called Grants Center, Inc. Id. at 85. According to Zweben, however, the transfer to Grants Center—an entity created and managed by Owad herself—was merely an attempt to thwart his sale of the property in satisfaction of a judicial lien. Appellee's Br. at 1–2; see also Designation pt. 3, at 103–05 (listing the officers and directors of Grants Center).[1] Importantly, the deed transferring the property to Grants Center defines the property being transferred using the exact same description as the 2004 deed to Owad (as well as the original 1966 conveyance). Designation pt. 4, at 85.

---

[1] Zweben further states that the directors and officers of Grants Center were all just aliases of Owad. Designation pt. 3, at 75.

In the bankruptcy court, Owad moved to avoid the judicial lien on her property on the basis of a homestead exemption. R. at 11, 24. The primary issue there was whether the 2011 deed from Owad to herself, along with the survey map, sufficed to subdivide the property into two different parcels: one transferred to Grants Center, and the other (including the dwellings) still owned by Owad. Id. at 24–30. Zweben (and eventually the court) maintained that because Owad failed to follow the town's subdivision regulations, the 2011 deed was a nullity. Id. at 26–28. Owad, on the other hand, asserted that the subdivision could not run afoul of these regulations because they were enacted in 1999, while the survey of the property was conducted in 1994. Id. at 26–27.[2] The bankruptcy court denied Owad's motion, finding both that the 2011 deed "ha[d] no legal effect" because of the subdivision issue, and also that the smaller portion of the property "was subsumed by" the transfer to Grants Center. Id. at 30.

Owad's notice of appeal was docketed on March 11, 2016. R. at 11. This Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1) because Owad appeals from a final order. See John T. Mather Mem. Hosp. of Port Jefferson, Inc. v. Pearl, 723 F.2d 193, 194 n.1 (2d Cir. 1983) (per curiam) ("We believe that a decision granting or denying a[] [homestead] exemption is final for this purpose."); see also Fed. R. Bankr. P. 8002(a)(1) (establishing the time to file a notice of appeal).

While her briefing is somewhat unclear—which is understandable given her status as a pro se litigant—Owad's arguments seem to be that the 2011 self-transfer was sufficient to subdivide the land and that the town's subdivision regulations were not in force until 1999.

---

[2] Zweben responded by arguing that the 1999 regulation was simply an amendment to regulations adopted in 1986 (and thus before the survey), and that in either case, the deed was filed in 2011 and the survey (though conducted in 1994) was filed in 2012. R. at 26–27.

3

Appellant's Br. at 6–7. Regrettably, Zweben—an attorney—submitted an almost equally unintelligible brief, citing just one unrelated case from the Bankruptcy Court for the Southern District of Georgia[3] and spending considerable time emphasizing Owad's allegedly untrustworthy nature (instead of coherently describing the factual and legal issues in this case). Appellee's Br. Furthermore, Judge Littlefield did not file a written decision (save for a one-page order drafted by Zweben, R. at 10, 30), and did not make explicit findings of law or fact on the record, R. at 24–32. Nevertheless, the Court has reviewed the record and the parties' briefing, and can decide Owad's appeal on the merits.

### III.  STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### IV.  DISCUSSION

Under the bankruptcy code, a debtor may avoid a judicial lien that impairs an exemption (such as the homestead exemption at issue here). 11 U.S.C. § 522(f). But this application of the

---

[3] The lone case cited by Zweben, In re Garrett, 266 B.R. 910, 915–16 (Bankr. S.D. Ga. 2001) (citing In re Baitcher, 781 F.2d 1529 (11th Cir. 1986)), actually concerned the application of an Eleventh Circuit decision governing when a debtor may reopen a bankruptcy proceeding in light of a previously undisclosed debt.

homestead exemption, among other things, requires the debtor to have an ownership interest in the property. Id.; accord N.Y. C.P.L.R. 5206(a); 11 U.S.C. § 522(d)(1); In re Varrone, No. 11-CV-2199, 2012 WL 1079005, at *4 (E.D.N.Y. Mar. 30, 2012); see also § 522(g)(1)(A) (barring exemption of property recovered by the trustee if the recovery came after a voluntary transfer of the property by the debtor). The Court must determine whether Judge Littlefield was correct in deciding that Owad lacked any such interest in the smaller, 2.7-acre tract of land.

Much of the discussion in this case concerned the existence and effect of the town's subdivision rules. E.g., Appellant's Br. at 6–7; Appellee's Br. at 5–7; Reply Br. at 4–13. This is because the bankruptcy court assumed, on the suggestion of Zweben, that any division of property in violation of the subdivision regulation is void. See R. at 27–28 ("I concur with counsel that that property was not validly yours in light of the legal regulations of the Town."); Appellee's Br. at 6 ("A property owner cannot subdivide an existing parcel of property as she pleases . . . .").

This assumption may be incorrect, though. See Basile v. Rose, 7 N.Y.S.3d 664, 666 (App. Div. 2015) (interpreting rules governing transfer reports, including the certification that the conveyed parcel is an approved subdivision, as having "no bearing on the deed's interpretation or validity," but only on the availability of recording). The Court does not need to decide this issue, however, because any attempt by Owad to divide the property was defeated when she transferred the entirety of the land (including the portion containing the house) to Grants Center.

As mentioned above, the description in the deed transferring the property to Grants Center precisely matches the description of the property originally conveyed to Owad following the death of Jaroslaw Owad in 2003. Designation pt. 4, at 62, 66, 70, 85. Because the land she

purportedly carved out for herself in 2011 was a part of this tract (and therefore is contained within the broader description), id. at 75–76, the transfer to Grants Center had to also include the portion of the land containing her dwelling and other structures. The dubious self-sale is thus irrelevant, since in either case, Owad continued to own the entire parcel of land before and after the 2011 deed, and then transferred all of it to Grants Center via the 2012 deed. Judge Littlefield's determination that the smaller tract of land was subsumed within the transfer to Grants Center was not clearly erroneous, and thus the decision of the bankruptcy court must be affirmed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the March 4, 2016 order of the United States Bankruptcy Court for the Northern District of New York (Dkt. No. 1, at 10) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 29, 2017
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge